## Boylan v. Hartford Accident and Indemnity Co.

*William F. O'Hara* and *Anthony A. Lawrence*, for plaintiff.

*Harry P. O'Neill* and *Frank M. Walsh*, for defendant.

HOBAN, P. J., July 23, 1956.—Plaintiff had a "Triple A Accident Policy" with defendant company. The policy was in force on the day of the accident. The policy insured plaintiff "against loss resulting directly and independently of all other causes from accidental bodily injuries sustained . . .".

Section 8 of the policy printed in bold face reads as follows:

"Section 8

## EXCEPTIONS

"The insurance under this policy shall not cover hernia . . . (Enumerating other specific exceptions)"

Viewing the testimony and permissible inferences therefrom in the light most favorable to plaintiff, as well as the special findings of the jury, these facts appear: On November 21, 1953, plaintiff with companions was in the field hunting small game. He jumped on a pile of brush hoping to flush game therefrom, slipped and fell and in so doing, tumbled over a stone wall. He suffered an immediate sharp pain in the groin, as well as contusions and abrasions to his back and other body areas. His companions immediately took plaintiff to a doctor in Scranton who on examination discovered contusions over the inguinal area and a lump the "size of a walnut", as well as contusions to the muscles of the back and other minor abrasions. The doctor diagnosed the condition as a left indirect inguinal hernia, for which he advised an immediate operation to repair the hernia, as well as muscle sprain or contusions to the muscles of the sacro-spinalis group. On December 7, 1953, plaintiff was operated on and the hernia was succesfully re-

duced. Plaintiff was disabled totally for 13 weeks and partially for 12 weeks.

In the professional opinion of the doctor, plaintiff's hernia was the direct result of the hunting field accident, and the jury so found as a special finding.

There was no history of hernia prior to the time of the accident.

The claim is for medical and hospital expenses incurred and for total and partial disability payments according to the terms of the policy, and the jury awarded proven medical expenses and disability payments according to its findings as stated.

We have thus clearly established the fact that the hernia suffered by plaintiff was traumatic in origin, was an accidental bodily injury and the loss resulting therefrom was a loss resulting directly and independently of other causes. The loss would, therefore, be compensable under the policy if not excluded.

The question comes as to the effect of the exclusion clause in section 8 of the policy. The trial judge, having examined the trial brief presented by plaintiff's counsel, although dubious about the claim so far as the hernia and its consequences were concerned, allowed the case to go to the jury. Upon a reexamination of the policy, a consideration of the facts in this case and a review of the authorities, we are convinced that the exclusion clause of this policy clearly prohibits any award for hernia, whether traumatic and accidental in origin or congenital.

Nothing is more fixed in the opinions of the appellate courts of Pennsylvania than the principle that insurance is a matter of contract, that the rights of the parties are fixed by the contract and that the courts have no right to disregard the plain words of the contract for the sake of conjuring up a doubt which it would subsequently resolve according to the usual rule in favor of the insured. See Urian v. Scranton

Life Ins. Co., 310 Pa. 144; Hagarty v. Wm. Akers, Jr., Co. Inc; 342 Pa. 236; Yoder v. United Benefit Life Ins. Co., 171 Pa. Superior Ct. 18.

We can see no ambiguity of any nature in the words: "The insurance under this policy shall not cover hernia". This is an accident policy purely. It is not a combination policy involving questions of health, and the hernia exclusion, together with the other excluded causes of loss such as suicide or attempt thereat, war injuries suffered by the insured while in the military or naval service, etc., show a clear and decisive limitation of the risks covered by the policy.

We have examined the citations submitted to us by plaintiff, particularly Berry v. United Commercial Travelers, 172 Iowa 429, 154 N.W. 598; Travelers Ins. Co. v. Murray, 16 Col. 296, 26 Pac. 774; and Thornton v. Travelers Ins. Co., 116 Ga. 121, 42 S.E. 287, which appear to hold that awards for losses from hernia may be granted under certain types of accident or health policies, even in the face of exclusion clauses. The cases all turn upon the peculiar wording of the individual contract and on matters of evidence. In no one of the cases was there the broad, explicit and comprehensive exclusionary language which we find here, to wit: "The insurance under this policy shall not cover hernia". While the decisions in the cases cited may have justification under the facts of those cases, we are satisfied that at least some of the reasoning would not be supported by the Pennsylvania appellate courts. We cannot see how we can construe the word "hernia", as used in section 8, to mean anything other than hernia in its total and absolute sense, meaning all or any types of hernia, no matter how received, congenital, traumatically accelerated or accidentally induced.

We are constrained to hold, therefore, that the risk of an accidentally incurred hernia was not one which

was covered by the terms of plaintiff's policy, and accordingly, so far as the verdict is based on the loss from hernia, it cannot be supported. There is some evidence, however, that the back injuries which plaintiff received in the accident would have resulted in some period of disability. The trial judge thought at the time that it would be beyond the capacity of the jury to attempt a separation of disability periods due to independent causes of hernia and back sprain, since these causes were in fact concurrent, with the hernia requiring treatment which would of itself probably involve a disability extending beyond any period which would have resulted from the back sprain alone. Hence no effort was made to have the jury make a special finding as to the extent of such separate disability. However, there is some reason to believe that a reasonable calculation of the effect of the injuries considered separately from the hernia loss could be made, and it seems to be the part of justice to permit the parties to have an opportunity to do so. Accordingly, instead of granting judgment n. o. v. outright in favor of defendant, we will award a new trial limited only to the question of damages for the medical expenses and total and/or partial disability incurred as a result of the accident independently of the resulting hernia.

Now, July 23, 1956, in consideration of the aforesaid motion, the rule for judgment n. o. v. in favor of defendant and against plaintiff is made absolute in so far as the award of the jury is based upon loss or damage resulting from medical treatment and disability for hernia is concerned, but a new trial is awarded in which the question of damage is limited to medical expense and total and/or partial disability incurred by reason of the injury suffered by plaintiff in the action of November 21, 1953, independent and separately from the accidental hernia involved therein.