## Sykes, Appellant, *v.* Nationwide Mutual Insurance Company.

Argued January 13, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Sidney A. Simon,* for appellant.

*John C. Gault,* with him *Candor, Youngman & Gibson,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, March 24, 1964:

Fred Sykes was killed in an accident while driving his own automobile. He carried an insurance policy with the Nationwide Mutual Insurance Company which refused payment of the face value of the policy, plus

funeral expenses, to the beneficiary named therein, the decedent's widow, because, it contended, the policy excluded coverage of death resulting from circumstances assumed to control here.

Mrs. Sykes, administratrix of the estate of the insured, sued on the policy and the insurance company pleaded, under new matter, an alleged exclusionary clause. The plaintiff answered to the new matter, and the defendant moved for judgment on the pleadings. The motion was granted by the Court of Common Pleas of Lycoming County and the plaintiff has appealed.

The clause in the policy on which the defendant builds its assertion of non-liability and which the Court below accepted as conclusive, reads as follows: "(6) under Coverages D(1) and D(2) for bodily injury to, or sickness or death of any employee while engaged in the employment of any person using, or organization or person legally responsible for the use of, any automobile for which the policy affords protection if benefits therefor are payable or required under any workmen's compensation law."

This paragraph would most assuredly never take a prize in a school of expression for clear and crystalline prose. Ambiguity runs through it like ink poured into a fish bowl, clouding the identity of its swimming occupants. From this clouded bowl of language the insurance company fishes up the conclusion that the exclusion clause was intended to allow coverage only in the event of certain factors which are absent here. The insurance company maintains that the bleary paragraph excludes coverage in any case where the beneficiary receives workmen's compensation.

If this interpretation be correct, the query naturally arises as to why the insurance company did not specifically state that if the named beneficiary receives workmen's compensation no insurance benefits are payable. This could have been spelled out very simply, and the

door to insurance benefits would have closed automatically, definitively and finally on any claim for coverage once it was admitted that workmen's compensation benefits flowed from the death of the insured.

If such an exclusion had been stated in language clear to anyone who reads, it is possible that a lesser number of persons would have wanted to buy the insurance policy because workmen's compensation is so much a part of a workman's economic status that no worker would want to willingly forego its benefits. Under those circumstances the company would have quite probably sold less policies.

Aside from the morality involved in permitting ambiguous language to entice insurance buyers, only to drop them into a pit of non-recoverability when claims are made under the policy, the insurance company cannot maintain its position because of the law which specifically states that where ambiguity clouds interpretation the contract in controversy must be interpreted against its authors. The person who writes with ink which spreads and simultaneously produces two conflicting versions of the same proposition cannot complain if the person affected by both propositions chooses to accept that which is more helpful to him and which is against the interests of the contract writer. This Court put the matter very succinctly in *Cadwallader v. New Amsterdam Cas. Co.*, 396 Pa. 582, 587: "It is of course clear that if there be any ambiguity in the contract of insurance it must be resolved in favor of the insured since it was the insurer who wrote the contract. [citing numerous cases]."

It must not be overlooked also that in interpreting a contract, effect must be given to all provisions in the contract. (*Breen v. Rhode Island Ins. Co.*, 352 Pa. 217, 221). In addition interpretation must be applied to the language actually employed. (*Moore v. Stevens Coal Co.*, 315 Pa. 564).

The exclusionary clause here involved does not deny coverage "for bodily injury to, or sickness or death of any employee . . . if benefits therefor are payable or required under any workmen's compensation law." What it denies is coverage for the "death of any employee while engaged in the employment of any person using, or organization or person legally responsible for the use of, any automobile for which the policy affords protection if benefits therefor are payable or required under any workmen's compensation law." Thus three elements must be present before the exclusionary clause is applicable: (1) the insured's death must have resulted while he was engaged in the work of his employer; (2) the employer must have been legally responsible for the use of the automobile for which the policy affords protection; and (3) benefits are payable for such injuries under workmen's compensation laws.

The pleadings show that the Commonwealth of Pennsylvania is the employer and since the Commonwealth cannot be held liable under the doctrine of respondeat superior, the second condition has not been fulfilled.

It is reiterated, however, that in view of the ambiguous language in the exclusionary clause, the insurance company would be liable even if the Commonwealth were in no way involved in the episode giving rise to this litigation.

The answer filed by the defendant, including new matter, was in the nature of a demurrer, thus admitting all averments of fact by the plaintiff. By its answer the insurance company accepted the burden of proof in the case: "A defense based on an exception or exclusion in a policy is an affirmative one, and the burden is cast upon the defendant to establish it." (*Armon v. Aetna Casualty and Surety Co.*, 369 Pa. 465.)

There is nothing in the defendant's answer which supports its position as against the plaintiff's averments. Judgment, therefore, should have been entered under the pleadings for the plaintiff.

The judgment of the court below is reversed and the record remanded with directions that judgment be recorded in favor of the plaintiff for the amount specified.