## Rivera v. State Farm Mutual Automobile Insurance Co.

Before Forrest, P. J., Honeyman, Ditter and Smillie, JJ.

*Brunner & Conver*, for plaintiff.

*James N. Peck*, for defendant.

DITTER, J., July 30, 1964.—In October, 1957, plaintiff, Antonio Rivera, was the driver of an automobile in which Alphonso Rivera was a passenger. It collided with a train causing serious injuries to Alphonso, who eventually brought suit against Antonio to recover for these injuries. Antonio was insured against liability in the event of an automobile accident by defendant. He promptly notified it of the accident and Alphonso's suit. However, defendant refused to defend the action and a judgment for $3,500 was obtained by Alphonso against Antonio.

Antonio then started the present suit against defendant-carrier for breach of its contract to defend him and to pay the judgment recovered against him. Defendant admitted all the essential allegations in an

amended complaint, but under the heading, new matter, raised the defense that the injured passenger, Alphonso, was a member of the insured's family, residing in the insured's household. It alleges that under these circumstances an exclusionary clause in the policy releases the insurer from its duty to defend and indemnify. Plaintiff filed a reply adequately denying the new matter and the case proceeded to trial.

After the jury was sworn, plaintiff introduced into evidence the admitted allegations of the complaint and then rested. Counsel for defendant produced no evidence and upon the direction of the trial judge, the jury returned a verdict for plaintiff in the amount sought plus interest. Now defendant moves for a judgment non obstante veredicto because of the court's failure to give defendant's point for binding instructions, or, in the alternative, for a new trial because the verdict was against the law, the evidence, and the weight of the evidence. The only point pressed by defendant is its contention that plaintiff, in his pleadings, has admitted the existence of the condition described in the exclusionary clause and thus has removed the burden of establishing this affirmative defense.

The exclusion pertinent to this case reads:

"This policy does not apply . . . for bodily injury to the insured or any member of the family of the insured residing in the same household as the insured."

"It must be noted at once that in a situation of this character, the insurer undertakes the burden of proving that the accident, on which liability is predicated, comes within the exclusionary provisions. This is a burden the insurer cannot escape if it is to prevail in the defense based on exclusion. In Armon v. Aetna Casualty and Surety Co., 369 Pa. 465, we said: 'A defense based on an exception or exclusion in a policy is an affirmative one, and the burden is cast upon the defendant to establish it' ": Weissman v. Prashker, 405

Pa. 226, 233 (1961). This principle was reaffirmed in Sykes v. Nationwide Mutual Insurance Company, 413 Pa. 640 (1964). If plaintiff admits or establishes facts constituting the affirmative defense with such conclusiveness as to exclude the reasonable possibility of an inference otherwise, the defendant has been relieved of the burden: Ehrlich v. U. S. Fidelity and Guaranty Company, 356 Pa. 417 (1947). Since there was no testimony or other evidence introduced at the trial, the substantiation of defense must appear, if at all, in the pleadings.

The pleadings involved consist of the amended complaint, an answer containing new matter, and a reply to the new matter. A review of the complaint fails to disclose any statement or implication that Alphonso Rivera was a member of the insured's family, residing in his household. Such an inference cannot be drawn because the two men have the same surname: Link's Estate (No. 1), 319 Pa. 513, 522 (1935). The new matter avers that the injured Alphonso was a cousin of Antonio and resided in his household. Plaintiff's reply alleged that Alphonso was a boarder and not a member of the household. Since the pleadings did not still the issue and since defendant failed to introduce any evidence on the matter, the burden has not been met, the defense has not been established, and plaintiff must prevail.

And now, July 30, 1964, for the foregoing reasons, the defendant's motions for a new trial and for judgment n. o. v. are dismissed.