East Crossroads Center, Inc., Appellant, *v.* Mellon-Stuart Company.

Argued November 12, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

230

*James E. McLaughlin*, with him *Joseph S. Schuchert, Jr.*, and *McArdle, Harrington, Feeney and McLaughlin*, and *Porsche, Schuchert & Sapp*, for appellant.

*Judd N. Poffinberger, Jr.*, with him *Nathan K. Parker, Jr.*, and *Kirkpatrick, Pomeroy, Lockhart & Johnson*, for appellee.

*James M. McCandless*, for insurance company, appellee.

OPINION PER CURIAM, January 5, 1965:

This appeal questions the correctness of an order below sustaining preliminary objections in the nature of a demurrer to an amended complaint in assumpsit.

The action is based upon an alleged breach of a construction contract by the defendant, the Mellon-Stuart Company (contractor), and a breach of the performance bond by the other defendant, the Seaboard Surety Company.

The lower court concluded that from a reading of the contract (i.e., all of the documents comprising it) as a whole, a cost-plus agreement was entered into; that this was the clearly expressed intention of the parties and that the plaintiff-owner was to pay the defendant-contractor as the work progressed; that in view of the candid allegation in the complaint that the plaintiff-owner was without funds to carry through its responsibility, the defendant-contractor was legally justified in rescinding and not completing the contract. We agree with this conclusion.

When a written contract is clear and unequivocal, its meaning must be determined by its contents alone. It speaks for itself and a meaning cannot be given to it other than that expressed. Where the intention of the parties is clear, there is no need to resort to ex-

trinsic aids or evidence. While the documents comprising the contract here involved do contain some mutually inconsistent provisions, a reading of the entire contract permits of no reasonable interpretation other than that placed thereon in the court below.

Since the plaintiff failed to perform its bargain, the contractor was released from its contract. Since the liability of the surety is no greater than its principal, its liability was likewise discharged.

Judgment affirmed.

Mr. Justice MUSMANNO dissents.