## Coppersmith v. Monarch Life Insurance Company

*Margolis, Coppersmith & Shahade,* for plaintiff.

*Marvin L. Wilenzk* and *Weimer, Bennett, Jones & Stibich,* for defendant.

GRIFFITH, P. J., August 31, 1965.—This is an action in assumpsit brought by the named insured on a major medical policy dated July 11, 1962, issued by defendant. For an additional premium, plaintiff's wife was covered by a dependent's rider. The covered wife was confined to a hospital on two occasions, once for a period of 14 days and again for a period of 18 days. She also received out-patient hospital treatment on January 18 and January 20, 1965.

The pleadings established that part 3, sec. e. is applicable. It reads as follows:

"e. for hospital room and board and necessary hospital services and supplies, including medicines administered in the hospital, provided that if such charges are incurred for the treatment of mental disease or deficiencies, or psychotic or psychoneurotic disorders or reactions, the amount of such charges to be included in Eligible Expenses shall not exceed $30. for any one day of hospital confinement nor shall the amount of such charges to be included in Eligible Expenses for any one continuous period of treatment exceed a sum equal to $2000 plus the Deductible Amount."

Although the complaint asks for a larger amount, it has been stipulated that plaintiff's present claim is for $69.32, of which $15.40 is for out-patient hospital treatment and $53.92 is the amount by which the dependent wife's in-patient eligible expenses exceeded the $30 per diem limit on certain days, but would not result in the recovery of a total amount greater than $30 multiplied by the number of days she was confined to a hospital.

Plaintiff's contention is that the policy should be interpreted so that if the expenses of an in-patient were $25 for one day and $35 for another day, recovery should be allowed for $60 since the *average* daily eligible expenses did not exceed $30 per diem. Defend-

ant contends that the recovery in such case should be but $55, since it agreed to pay her eligible expenses but provided that they "shall not exceed $30.00 for *any one* day of hospital confinement". This would result in a recovery of $25 for the day in which her hospital expenses were $25 and $30 for the day in which such expenses were $35. We agree with defendant. The provisions of the policy are clear. They do not bind defendant to pay all hospital expenses for a hospital stay so long as the *average* of the total expenses does not exceed $30 per diem. The provision is that such expenses "shall not exceed $30.00 for any *one* day". We cannot stretch this language to mean merely a limit of an *average* of $30 per day for a period of hospital confinement.

However, we believe plaintiff may recover the amount of $15.40 for out-patient hospital treatment. Part 3, sec. e, quoted above inside the commas, allows for "hospital services and supplies, including medicines administered in the hospital". The phrase within the commas, "including medicines administered in the hospital", would not permit recovery under section e for medicines not administered in the hospital. Section a provides for medical treatment by a physician without restriction as to the place of such treatment. Section d provides for medicines outside of a hospital obtained on a physician's prescription. We have found no provision in the policy restricting "hospital services and supplies" to in-patients. Many similar policies contain such restrictions. This one does not. Moreover, in case of ambiguity, an insurance policy should be interpreted against the one who has drawn it: 29 Am. Jur. 640, "Insurance", §258. Ambiguities in such policies must be resolved in favor of the insured: Cadwallader v. New Amsterdam Casualty Company, 396 Pa. 582, 587; Sykes v. Nationwide Mutual Insurance Company, 413 Pa. 640.

We, therefore, enter the following

DECREE

And now, August 31, 1965, after argument, plaintiff's motion for judgment on the pleadings is sustained in the amount of $15.40, and the Prothonotary of Cambria County is directed to enter judgment on the pleadings in favor of plaintiff and against defendant in the sum of $15.40.