## Smale v. Erie Insurance Exchange

Murray Mackson, for plaintiffs.

Martin J. Karess and Walker, Walker & Thomas, for defendant.

WIEAND, J., February 5, 1969.—This matter comes before the court en banc on a case stated.* The only dispute relates to the language contained in a Pioneer Family Automobile Policy of insurance issued by Erie Insurance Exchange and the interpretation to be placed thereon.

The policy of insurance was issued to Leon C. Smale and afforded coverage for a period from May 1, 1965, to April 30, 1966. It provided, inter alia, uninsured motorist coverage, with limits of $10,000 for each person and $20,000 for each accident, and medical payment benefits not to exceed $1,000, plus a death benefit as hereinafter set forth. On June 26, 1965, while operating a vehicle covered by the policy aforesaid, the insured's son, David W. Smale, was killed instantly when his car was struck by an uninsured vehicle. The defendant insurance company paid a death benefit of $500 and the sum of $1,000, this being the maximum amount payable under the policy, on account of a funeral expense of $1,187. When agreement could not be reached between plaintiff and defendant concerning the amount to be paid by Erie under the uninsured motorist feature of the policy, this dispute was submitted to the American Arbitration Association. On or about December 6, 1966, an award was made in plaintiff's favor in the amount of $10,000. Erie

*For a statement of the procedure applicable to a case stated, see Frankel v. Reliance Mutual Life Insurance Company of Illinois, 199 Pa. Superior Ct. 295, at page 299. See also 6 Standard Pa. Pract., pp. 39-55.

thereupon paid to plaintiff the sum of $8,500, but refused to pay the balance, contending that it was entitled to a setoff of $1,500 because of benefits previously paid. This suit seeks to recover that balance.

Three provisions of the policy are pertinent. The first appears in part II, coverage A-1, where the insurance company agreed, within the limit of liability hereinbefore recited, "To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, hearing aids, eyeglasses and pharmaceuticals, and necessary ambulance, hospital, licensed nurse and *funeral services*." (Italics supplied.)

In division 1(c) of the same coverage, the company also agreed: ". . . in the event of death resulting therefrom to any such person within said year and there be surviving kin, *to pay as a Death Benefit* for anyone over the age of one year to any such surviving kin chosen by the ERIE or to the estate of the decedent, any balance remaining from the Limit of Liability per person after payment of such expenses, provided that in no event the amount of such *Death Benefit* shall be less than 50% of the Medical Payments Limit of Liability stated in the Declarations." (Italics supplied.) It was under and pursuant to these policy provisions that Erie paid to its insured the sum of $1,500.

The insurer's liability for bodily injury to an insured caused by an uninsured motorist was limited in part III by paragraph 2(d) of the conditions, which provided as follows: ". . . the ERIE shall not be obligated to pay under this Coverage that part of the damages which the Insured may be entitled to recover from the owner or operator of an uninsured automobile *which represents expenses for medical services*

*paid or payable under the Medical Payments Coverage of the policy."* (Italics supplied.)

This language, it is argued by defendant, entitles it to a setoff against its liability under the uninsured motorist feature of the policy for all moneys paid under the medical payments coverage of the policy. Such an argument, we believe, runs afoul of several well-established rules of construction and is contrary to the plain intendment of the language of the policy.

Initially, it is clear that if there be any ambiguity in the contract of insurance, it must be resolved in favor of the insured because it was the insurer who wrote the contract: Cadwallader v. New Amsterdam Casualty Company, 396 Pa. 582, 587; Sykes v. Nationwide Mutual Insurance Company, 413 Pa. 640, 643. Moreover, any interpretation must be based on the language actually employed: Moore v. Stevens Coal Company, 315 Pa. 564; Sykes v. Nationwide Mutual Insurance Company, supra.

A careful reading of condition 2(d) of the uninsured motorist provisions of the policy reveals that the setoff there allowed is not so broad as to include all sums paid or payable under the medical payments coverage. On the contrary, the only credit available to the insurer is for payments representing *"expenses for medical services* paid or payable under the Medical Payments Coverage." The setoff allowed extends only to one type of payment under the medical payments coverage, to wit, a payment for medical services. In this case, however, the payment made by the insurer was not for "medical services"; it was for "funeral services" and it included also a "death benefit" not attributable to any services. The language of condition 2(d) does not allow the insurer a setoff for such a payment. The term "funeral services", as used in this policy, cannot be equated with "medical services."

Neither can "medical services" be extended by implication to include a "death benefit." In the parlance of the insurance business, these terms have separate and distinct meanings. Indeed, even common usage ascribes to them different connotations. For purposes of interpreting the policy, this court can do no less.

The insurer received premiums which were separately attributable to the medical payments coverage afforded by the policy and to the uninsured motorist coverage. If the several liabilities assumed by the insurer are to be limited or avoided under the guise of setting off payment of one liability against that which was assumed by virtue of another coverage, it will only be because the language of the policy expressly or by necessary implication permits the same. The language of the policy does not justify such a result in this case.

The decision in Dunham v. Nationwide Mutual Insurance Company, 41 D. & C. 2d 318, upon which defendant relies, is not apposite. In that case, defendant's insured was injured, but not killed, in a collision with an uninsured vehicle. An action at law against the uninsured driver resulted in a verdict in favor of defendant's insured for $42,694.65. When the insured brought suit against his insurance company for $10,000, this being the maximum uninsured motorist coverage provided by the policy, the insurer sought to set off the sum of $2,000 which had been previously paid to the insured under the medical payments clause of the policy. It did so by virtue of a provision in the policy which stated that the insurer was not obligated to pay the uninsured automobile clause "that part of the damages which the insured may be entitled to recover" from the uninsured motorist *"which represents payments paid or payable under the Automobile Medical Payment coverage."* The court held that the insurer's liability was $8,000.

The Dunham case differs from the instant case in two very material respects. The payment there made to the insured was, in fact, by way of reimbursement for medical expenses. In the instant case, the payment was intended to be and was a death benefit and reimbursement for funeral expenses.

A more important distinction lies in the language of the two policies. In the Dunham case, the insurance company was not obligated to pay that part of the damages recovered against an uninsured motorist *"which represents payments paid or payable under the Automobile Medical Payment coverage."* Under this language, the setoff extended to all payments made under the medical payments coverage. By the terms of the policy in the instant case, however, the insurer's setoff was more restricted. It extended only to payments representing *"expenses for medical services* paid or payable under the Medical Payments Coverage." The language of the policy in the Dunham case was quite clear and compelled the interpretation there placed upon it. The language of the instant policy is equally clear, but different, and that difference compels a diverse result.

Plaintiff has also argued that a policy provision which permits a payment under the medical payments coverage to be set off against liability under the uninsured motorist coverage is void and of no effect because it conflicts with the minimum uninsured motorist protection mandated by the Act of August 14, 1963, P. L. 909, 40 PS §2000. In view of the language of the policy and this court's interpretation thereof, we need not consider such argument.

## ORDER

And now, February 25, 1969, it is ordered that judgment in the above-captioned action in the nature of a case stated be and the same is hereby entered in

favor of plaintiff and against defendant in the amount of $1,500, together with interest thereon from December 6, 1966.