## Mullen v. Travelers Indemnity Co.

*Edmund P. Turtzo,* for plaintiff.
*Phillip H. Williams,* for defendant.

WILLIAMS, P. J., August 30, 1974.—Plaintiff filed a suit in assumpsit on a family automobile policy issued to plaintiff by defendant.

The following facts are not disputed:

The vehicle, covered by the policy, while driven by Robert Theos, son of plaintiff, was involved in an accident which caused personal injuries to Jeffrey B. Carr, causing his death. The administratrix of the estate of Jeffrey B. Carr instituted suit in the United States District Court for the Eastern District against plaintiff, alleging that the negligence of Robert Theos caused the death of Jeffrey B. Carr; that plaintiff permitted her son, Robert Theos, to operate her motor vehicle knowing that he was a reckless, negligent and irresponsible person. Defendant denied liability under the terms of the policy and refused to defend the action. The denial of liability was based on an endorsement attached to

the policy when issued to plaintiff which reads as follows:

"SUCH INSURANCE AS IF AFFORDED BY THE POLICY FOR BODILY INJURY LIABILITY, FOR PROPERTY DAMAGE LIABILITY AND FOR COLLISION OF UPSET DOES NOT APPLY WHILE THE AUTOMOBILE IS BEING OPERATED BY ROBERT F. THEOS."

Plaintiff settled the litigation in the United States District Court for $8,500. Plaintiff incurred $1,500 costs for counsel fees. She seeks to recover in this action the sum of $10,000.

Defendant, under "New Matter" in its answer, pleaded that previous policies issued to plaintiff, of which the policy sued upon is a renewal, contained the same restrictive endorsement; that defendant notified plaintiff by letter dated November 15, 1962, and November 21, 1962, that it was necessary for her to sign the restrictive endorsements. Copies of the letters are attached to the answer as exhibits. Plaintiff's reply admits that the restrictive endorsement was attached to the policy but avers (1) that the endorsement is not applicable to the circumstances of the instant case and the theory of liability set forth in the complaint, and (2) that she has no recollection or record that she was notified or advised to sign the restrictive endorsement.

## DISCUSSION

The effect of an exclusionary clause in an insurance policy is to remove from its coverage certain losses which would establish liability under the general coverage except for the exclusion: Newman et al. v. Massachusetts Bonding & Insurance Company, 163 Pa. Superior Ct. 179, affirmed 361 Pa. 587.

It is true, as argued by counsel for plaintiff, when the language of an exclusionary clause is ambiguous,

the policy must be construed strictly against the insurer. Where, however, the language of an insurance policy, including the exclusionary clauses, is clear and unambiguous, it cannot be construed to mean other than it is: Hagarty v. William Akers, Jr., Co., Inc., et al., 342 Pa. 236 (1941).

As was said by the Supreme Court in Robert F. Felte, Inc. v. White, 451 Pa. 137, 143, 144 (1973):

"When interpreting a contract the intention of the parties must be determined, and in ascertaining that intention effect must be given to all the provisions of the contract. Sykes v. Nationwide Mutual Ins. Co., 413 Pa. 640, 198 A. 2d 844 (1964); Breen v. Rhode Island Ins. Co., 352 Pa. 217, 42 A. 2d 556 (1945). In a written contract the intent of the parties is the writing itself and when the words are clear and unambiguous the intent is to be determined only from the express language of the agreement. East Crossroads Center, Inc. v. Mellon-Stuart Co., 416 Pa. 229, 205 A. 2d 865 (1965); Siciliano v. Misler, 399 Pa. 406, 160 A. 2d 422 (1960); Kennedy v. Erkman, 389 Pa. 651, 133 A. 2d 550 (1957); Atlantic Refining Co. v. Wyoming Nat'l Bank of Wilkes-Barre, 356 Pa. 226, 51 A. 2d 719 (1947); Commonwealth v. Nelson-Pedley Const. Co., 303 Pa. 174, 154 A. 383 (1931). 'When a written contract is clear and unequivocal its meaning must be determined by its contents alone. It speaks for itself and the meaning cannot be given to it other than that expressed. Where the intention of the parties is clear, there is no need to resort to extrinsic aids or evidence.' East Crossroads Center, Inc. v. Mellon-Stuart Co., supra at 230-31, 205 A. 2d at 866. Furthermore, this Court long ago emphasized that '[t]he parties have the right to make their own contract and it is not the function of this Court to rewrite it, or give it a construction in conflict with

the accepted and plain meaning of the language used.' Hagarty v. William Akers, Jr. Co., 342 Pa. 236, 20 A. 2d 317 (1941)."

We find the language in the exclusionary clause clear and unambiguous. It states plainly and in ordinary language that the liability provisions do not apply if the covered vehicle is operated by Robert F. Theos. The complaint shows that the vehicle was operated by Robert F. Theos when the accident which resulted in the death of Jeffrey B. Carr occurred.

We do not agree that the exclusionary clause does not apply to the circumstances averred in plaintiff's complaint. On the contrary, it appears it was these very circumstances against which defendant sought to protect itself.

Plaintiff-mother ordinarily would not be liable for the negligent operation of her automobile by her son. Liability in the United States District Court suit was based on the theory that she had permitted a reckless, negligent and irresponsible person to operate her motor vehicle, the very risk defendant sought to avoid.

Plaintiff argues that in construing an exclusion of liability clause in an automobile insurance policy it is not what the insurer intended the clause to mean but rather it is what a reasonable person in the position of the insured would have understood it to mean.

However, as said in Robert F. Felte, Inc. v. White, supra, page 143:

"In a written contract the intent of the parties is the writing itself and when the words are clear and unambiguous the intent is to be determined only from the express language of the agreement."

Here, the language needs no interpretation. It is clear and unambiguous and the court must attach to the language its ordinary meaning: Fitzgerald v. Rottner, 56 D. & C. 2d 750.

The interpretation of the language in the exclusionary clause is a judicial and not a jury function.

As was said in Blair v. Berkshire Life Insurance Company, 429 F. 2d 996, 1000 (1970):

"A policy of insurance is a contract and stands on no different basis than any other contract, Cleland Simpson Co. v. Firemen's Insurance Co,, 392 Pa. 67, 140 A. 2d 41 (1958)."

Since the contract in plain and unambiguous language excludes liability on the part of defendant, the court has no alternative but to hold that plaintiff is precluded from recovering the sum of $8,500 paid by her to settle the United States District Court action.

Plaintiff further asserts that the policy, in Part 1, Coverage A, agrees to defend any suits, even if the basic allegations of the suit are groundless. The exact language of the policy is:

## "PART I—LIABILITY
### "Coverage A—Liability

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage, arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile, and the company shall defend any suit alleging such bodily injury or property damage *and seeking damages which are payable under the terms of this policy* even if any of the allegations of the suit are groundless, false or fraudulent; but the company may make such investigation and settlement of any claim or suit as it deems expedient." (Emphasis supplied)

The key words are "damages which are payable under the terms of this policy." Defendant did not contract to defend any suit which might be instituted under the policy. Its obligation to defend suits is specifically limited to suits which seek to recover

damages which are payable under the policy. Since the suit in the United States District Court sought to recover damages not payable under the policy, defendant had no obligation to defend the United States District Court suit.

It would be futile to allow plaintiff to amend her complaint; therefore, judgment will be entered for defendant.

## ORDER

And now, August 30, 1974, motion for judgment on the pleadings is granted and judgment is entered for defendant.