## Hollawell v. Lewis

*Paul J. Burgoyne*, for plaintiffs.
*Richard W. Hollstein*, for defendant.

LEDERER, *J.*, November 5, 1975—Plaintiff, Michael Hollawell, a minor, filed a complaint against Thomas Lewis, alleging that on July 12, 1974, defendant assaulted plaintiff by jumping on him from a tree and kicking him, which resulted in injuries to plaintiff.

Defendant filed preliminary objections contending: (1) lack of subject matter jurisdiction; (2) lack of jurisdiction over the person and improper venue; (3) scandalous and impertinent matter; and (4) failure to state a cause of action (demurrer).

## I. SUBJECT MATTER JURISDICTION

Defendant, Thomas Lewis, attached an affidavit to his preliminary objections stating that at the time of the incident in plaintiff's complaint he was performing his duties as a special agent for the Special Prosecutor's Office. It is alleged in the preliminary objections that the Special Prosecutor's Office is an agency of the Commonwealth of Pennsylvania. Plaintiff, in his answer to the preliminary objections, does not deny the claim that Thomas Lewis was an employe of the Commonwealth, but contends that his conduct was not within the scope of his employment.

The third paragraph of the complaint alleges:

"3. The defendant, Thomas Lewis, on the twelfth day of July, 1974, in the County of Montgomery, did assault the plaintiff, Michael Hol-

lawell by jumping upon him from a tree, and with great force and violence, caused the Plaintiff to be cast upon the ground; did violently kick the plaintiff and cause injury by running over the Plaintiff while attempting to leave the scene of the assault."

There are no allegations in the preliminary objections of defendant or the affidavit of defendant which dispute the third paragraph of the complaint.

The Pennsylvania courts have granted conditional immunity to the public officers and employes of the Commonwealth of Pennsylvania: Dubree v. Commonwealth, 8 Pa. Commonwealth Ct. 567, 303 A. 2d 530 (1973). The conditions of such immunity are that the public officer or employe be acting within the scope of his authority and that his negligent conduct not be intentionally malicious, wanton or reckless.

". . . To place liability upon a public official who is not a high public official, therefore, it is merely necessary to show that the officer concerned was not acting within the scope of his authority, and that the conduct complained of was intentional, as well as malicious, wanton or reckless. He may escape liability, however, if he did act within the scope of his authority and if his negligent conduct was not intentionally malicious, wanton or reckless.": Dubree, supra, 574, 575.

Even conceding that the incident involved herein occurred in the course of the employment of defendant, defendant's actions as alleged in the third paragraph of the complaint perpetrated upon minor plaintiff were not within the scope of his employment and were intentionally malicious, wanton or reckless.

The Pennsylvania Superior Court has applied the test of determining whether the interest of the public in eliminating caution on the part of the public employe under the particular circumstances is sufficiently important to justify the employe's immunity from liability: Ammlung v. City of Chester et al., 224 Pa. Superior Ct. 47, 302 A. 2d 491 (1973). Under the facts of the instant case, such immunity is not justified.

Defendant also contends that exclusive jurisdiction for all civil claims against the Commonwealth and its employes is vested in the Commonwealth Court under the Appellate Court Jurisdiction Act of July 31, 1970, P.L. 673 (No. 223), sec. 401, 17 P.S. §211.401. However, since this court has found that defendant's actions were outside the scope of his employment, the Commonwealth Court does not have exclusive jurisdiction.

## II. LACK OF JURISDICTION OVER THE PERSON AND IMPROPER VENUE

The incident alleged in the complaint occurred in Montgomery County. Plaintiffs live in Philadelphia County; defendant lives in Delaware County. Defendant works in Philadelphia. Defendant contends that on the basis of the above facts, the court lacks jurisdiction over defendant, or, in the alternative, there is improper venue because venue lies where the incident arose.

Pa.R.C.P. 1042 states than an action of trespass "may be brought in any county in which an action of assumpsit may be brought or in any other county authorized by law." Pa.R.C.P. 1006, entitled "Venue," states, in pertinent part:

"[A]n action against an individual may be brought in a county and only in a county in which he

may be served or in which the cause of action arose or where a transaction or occurrence took place . . ."

Therefore, if a defendant "may" be served in a particular location or place, then proper venue lies. Pa.R.C.P. 1009(b)(2)(iii) permits the service of a complaint upon a defendant at his usual place of business. Defendant's usual place of business in this case is located in Philadelphia County. Therefore, the court would have proper jurisdiction over the person and Philadelphia is the proper *situs* of the case.[1]

### III. SCANDALOUS AND IMPERTINENT MATTER

In another law suit arising out of the same incident as this case, it is alleged that defendant climbed a tree and jumped on two other children. Defendant contends that the court is required to conclude that plaintiffs in this case, as well as plaintiffs in the above described case, are alleging that Thomas Lewis climbed up a tree on four separate occasions and jumped on plaintiffs in all cases. However, this court finds that such a contention does not necessarily follow from the facts alleged by plaintiff.

Pa.R.C.P. 1017(b)(2) permits a motion to strike in a preliminary objection where scandalous or impertinent matter is contained. "Scandal consists of any unnecessary allegation which bears cruelly upon the moral character of an individual, or states anything which is unbecoming to the dignity of the court to bear, or which charges some person with a crime, not necessary to be shown.": Varner v.

1. An argument of convenience may have been fairly raised by the pleadings in the case. However, no issue of it was raised by the preliminary objections.

Hoffman, 14 Somerset 323 (1949). By these standards, defendant's claim is without merit.

## IV. DEMURRER

For the sole purpose of testing the legal sufficiency of the challenged pleading, a demurrer admits as true every well pleaded, material, relevant fact averred and every inference fairly deducible from the facts pleaded: 29 P.L.E., Pleading, §125, 437-38; Commonwealth v. Barnes Foundation, 398 Pa. 458, 159 A. 2d 500 (1960); Borden v. Baldwin, 444 Pa. 577, 281 A. 2d 892 (1971); Sykes v. Nationwide Mutual Insurance Co., 413 Pa. 640, 198 A. 2d 844 (1964). The allegations in plaintiffs' complaint do constitute a valid cause of action.

## ORDER

And now, November 5, 1975, it is hereby ordered, adjudged and decreed that the preliminary objections of defendant, Thomas Lewis, are denied.

Defendant is ordered to file an answer to the complaint within 20 days.