## Cumberland Bridge Company v. Lastooka

Before Sweet, *P.J.*, Gladden and Bell, *JJ.*

*Henry E. Harner*, for plaintiff.
*Donald L. Very*, for defendant.

SWEET, *P.J.*, December 7, 1977—In this case a partially unpaid subcontractor seeks summary judgment from the contractor requiring the latter to make immediate payment of the whole amount due.

It seems that the parties entered into a contract which provided in part as follows: "IN CONSIDERATION WHEREOF, the Contractor agrees to pay to the Sub-contractor for the full and faithful performance by the Sub-contractor of all the terms and conditions hereof, the sum of $134,577.95 said amount to be paid as follows: ninety per cent (90%) of value of work which has been placed in position and for which payment has been made by said 'Owner' to said Contractor, to be paid on or about the 30th of the following month, except the last payment, which the said Contractor shall pay to said Sub-contractor immediately after said materials and labor installed by said Sub-contractor have been completed, approved by the said Architect and Engineer and the final payment received by the Contractor and satisfactory evidence furnished to Contractor by Sub-contractor that all labor, materials, equipment, appurtenances, services, etc. used or incorporated on this particular work have been paid in full."

In answer the contractor avers that the owner, Redevelopment Authority of the County of Armstrong, has not yet paid defendant-contractor and that, therefore, the payment of the last $18,470.66 is not presently due. The subcontractor, stating there are no factual issues left for resolution at trial, demands summary judgment. Defendant, claiming he has a full and sufficient defense naturally opposes summary judgment for plaintiff.

The contractual provisions cited hereinabove will be rendered more clear if we spread them out in lines. The relevant portion reads as follows:

". . . except the last payment, which the said Contractor shall pay to said Sub-contractor immediately

"(a) after said materials and labor installed by said Sub-contractor have been completed, and

"(b) approved by said Architect and Engineer

"(c) and the final payment received by the Contractor, and

"(d) satisfactory evidence furnished that (everything) used on this work has been paid in full."

There is no question that the controlling law in the case here is as follows: "The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b).

"Rule 1035 has been strictly construed by the courts of Pennsylvania and, as a result, a motion for summary judgment will be granted only if the case is clear and free of doubt: Davis v. Pennzoil Co., 438 Pa. 194, 264 A. 2d 597 (1970); Mallesky v. Stevens, 427 Pa. 352, 235 A. 2d 194 (1967). The record in the case on motion for summary judgment must be examined in the light most favorable to the non-moving party. Schacter v. Albert, 212 Pa. Superior Ct. 58, 239 A. 2d 841 (1968)," as cited in defendant's brief.

Everybody agrees that the Armstrong County Authority has not paid Ram Construction Company. Cumberland Bridge Company, plaintiff, claims that it is entitled to its payment "a reasonable time" after the completion of the work and cites cases from the 6th Circuit, Maryland, Oregon, North Carolina, Massachusetts, Texas and elsewhere.[1]

---

1. "Thomas J. Dyer Co. vs. Bishop International Co., 303 Fed. 2nd 655 (U.S. Court of Appeals, 6th Cir. 1962); Atlantic

Defendant notes (brief-3) that plaintiff relies entirely on the law from other states and admits inability to find a Pennsylvania case squarely in point. However, he argues as follows:

"It is not, in any event, necessary for this Court to draw upon decisions from other jurisdictions to decide the present motion. The rules of construction of contracts so well established in Pennsylvania provide the needed guidance.

"Parties sui juris are free to make their own contracts and the courts will enforce them as written. Borough of Ambridge Water Authority v. Columbia, 458 Pa. 546, 326 A. 2d 498 (1974); McRoberts v. Burns, 371 Pa. 129, 88 A. 2d 741 (1952); Bobali Corp. v. Tampa Co., 235 Pa. Super. Ct. 1, 340 A. 2d 485 (1975); National Cash Register Co. v. Modern Transfer Co., 224 Pa. Super. Ct. 138, 302 A. 2d 486 (1973). Clearly expressed language controls, General Finance Co. v. Pennsylvania Thresh. & Farm. Mut. Cas. Ins. Co., 348 Pa. 358, 35 A. 2d 409 (1944), and the rights and obligations expressed by the language must be recognized and enforced.

---

States Construction Co. vs. Drummond and Company, Inc., 246 A. 2nd 251 Md. (1968); Fishman Construction Co., Inc., vs. Hanson, 209 A. 2nd 605 (1965); Eastern Heavy Constructors, Inc. vs. Fox, 188 A. 2nd 286 (1963); Mignot vs. Parkhill, 391 Pac. 2nd 755 (1964); Howard Green Electric Co. vs. Chaney & Jones Construction Co., 182 SE 2nd 601 (1971); Elk and Jacobs Dry Wall Co. vs. Town Contractors Inc., 229 SE 2nd 260 (1976); A. J. Wolfe Co. vs. Baltimore Contractors, Inc., 244 NE 2nd 717 (1969); Bledsoe vs. Miller, 496 SW 2nd 140 (1973); Darrell T. Stuart Contractor of Arizona vs. J. A. Bridges and Rust Proofing Inc., 406 Pac. 2nd 413 (1965); Cliff Byler vs. Great American Insurance Company, 395 Fed. 2nd 273 (1968); Walter Wisznia vs. Gerald Wilcox, 438 SE 2d (1969)," as cited in plaintiff's brief.

Moore v. Stevens Coal Co., 315 Pa. 564, 173 A. 661 (1934).

"When contractual language is clear and unequivocal, as it is in the instant case, the meaning must be determined by the words standing alone; a meaning cannot be given which is other than what is expressed. East Crossroads Center, Inc. v. Mellon-Stuart Co., 416 Pa. 229, 205 A. 2d 865 (1965). In the absence of ambiguity, inquiry into circumstances surrounding the making of a contract is unwarranted and oral testimony is unnecessary. East Crossroads, supra; Fogel Refrigerator Co. v. Oteri, 10 Pa. D. & C. 2d 511 (C. P. Phila. Co.), aff'd per curiam, 391 Pa. 188, 137 A. 2d 225 (1957). The construction the parties place on their contract has legal significance only if the language is doubtful. Shipley v. Pittsburgh & L.E.R.R. Co., supra."

In looking back at the contract spread out in lines, we see that the requirements for final payment are stated with clarity. Apparently there's no fuss about (a) completion of the work, (b) the approval by the architect and engineer, or (d) evidence that everything else was paid in full. All that remains is (c) "the final payment received by the Contractor" to take place. I do not think we have to go to arcane rules of construction to decide what the words *"final payment received by the Contractor"* mean. I do not think it ambiguous here that otherwise unrelated litigation has delayed final payment by the Redevelopment Authority of Armstrong County. There's no assertion that Armstrong County is not going to pay eventually whatever sum may be due. There's no averment that this governmental body is either insolvent, bankrupt, ultra vires or dissolved. It seems to me that final payment by the owner to

the contractor is a cleancut *condition precedent* to the duty of payment of the last 10 percent.

One case which did not occur to counsel may be helpful. The factual situation in National Products Company, Inc. v. Atlas Financial Corporation, 238 Pa. Superior Ct. 152, 364 A. 2d 730 (1975), is different from the situation here. In the light of the National Products case[2] I think also Section 251 of the Restatement 2d, Contracts, page 578, is material. It says: "Effects of the Non-Occurence of a Condition. (1) Performance of a duty subject to a condition cannot become due unless the condition occurs or its non-occurrence is excused. (2) Unless it has been excused, the non-occurrence of a condition discharges the duty when the condition can no longer occur. (3) Non-occurrence of a condition is

---

2. At page 159 it says: "The Restatement of Contracts defines a conditional promise as 'a promise so qualified that a duty of immediate performance will not arise until some condition exists or will cease after some condition exists.' Restatement, Contracts §254, at 365 (1932). See also, Id. §250, at 359; Feinberg v. Automobile Banking Corporation, 353 F. Supp. 508, 512 (E.D. Pa. 1973). Professor Williston's observations are particularly pertinent in the circumstances presented in this case: 'A condition in a promise *limits the undertaking of the promisor to perform,* either by *confining the undertaking* to the case where the condition happens, or to the case where it does not happen. [§663, at 125] . . . 'The conditions are inserted *for the promisor's protection.* [§664, at 130]' 5 S. Williston, Contracts (W. Jaeger ed. 1961) (emphasis supplied.) In making a promise expressly conditional, contracting parties need not use any particular words. On the contrary, '. . . an intention to make a promise conditional may be manifested by the general nature of a promise or agreement, as well as in more formal ways, and if so manifested the condition is express.' Restatement, Contracts §258 and comment a (1932)."

not a breach by a party unless he is under a duty that the condition occur." In this analysis the condition, to wit: payment by Armstrong County obviously can occur in the future. Example two in the illustration of section 251 is helpful.

"B gives A $10,000 to use in perfecting an invention, and A promises to repay it only out of royalties received during his lifetime from the sale of the patent rights. In spite of diligent efforts, A is unable to perfect his invention and obtain a patent, and no royalties are received. A dies after six years. B has no claim against A's estate. Receipt of royalties is a condition of A's duty to repay the money and A's duty is discharged by the non-occurrence of that condition during his lifetime."

Two older Pennsylvania cases arise in factual backgrounds very dissimilar to the case at bar, but the reasoning in each of them helps make me confident that the Pennsylvania rule supports the refusal of summary judgment to the sub-contractor here. Nelson v. Von Bonnhorst, 29 Pa. 352 (1857), involves a situation in which one party agreed to pay "'whenever, in my opinion, my circumstances will enable me to do so.'" The court ruled in deciding that no action would lie against him to pay; that whether a contract be reasonable or otherwise, it is to be enforced according to the intentions of the parties, where such intentions are clearly and plainly expressed in the contract. Our condition that the contractor receive his payment from the public body before he pays the last tenth to the subcontractor is a much more rational condition than self-assessment of the amount due. We also find support for the contractor here in Moyer et al. v. Diehl et al., 139 Pa. Superior Ct. 59, 11 A. 2d 651

(1940). This case holds: "[T]o constitute an undertaking a condition precedent it must appear either '(a) that it is in terms such; or (b) that the act stipulated for must necessarily precede the act claimed to be dependent upon it.'" In a way we have both here. The language of the contract plainly makes the payment by the owner to the contractor a condition precedent inter alia to the contractor's duty to pay the subcontractor. In a factual sense it is probably necessary for the contractor to get his money for the whole job before he can pay the subcontractor and likely the others. The facts are very different and it would not be helpful to recite them. This also seems to be the holding in the Fame Insurance Company's Appeal, 83 Pa. 396 (1877).

There are some practical problems involved if we decide the other way. If we can read the clause requiring that the owner's payment to the contractor is not a condition precedent to the contractor paying the subcontractor, can we likewise read the engineer's and architect's approval out of the contract? Can we likewise read out of the contract the duty of the subcontractor to make the payments described in the last sentence? Can we read out the provision concerning completion of the job? To ask these is almost to answer them.

The foreign cases which go the other way say there is a duty to pay within a reasonable time. This is a particularly appropriative bit of substitution of the judge's will for the parties' intention. If it had been intended that the contractor should pay the subcontractor out of his capital funds, the contract could have been so expressed, or a time in days provided. Obviously this is not what the parties intended. They contemplated that when the contractor got his money he would "immediately" pay the

subcontractor. It is interesting to realize in this connection that most, if not all, of the cases cited by plaintiff are matters of bankruptcy or insolvency where it is likely the subcontractor would never be paid. This seems better than to depend on such a requirement.

Accordingly, we are constrained to refuse the summary judgment. Exception noted.