**Arndt v. Government Employees Insurance Company**

Before Dalessandro and Toole, *JJ*.

*Donald H. Brobst,* for plaintiff.
*Ralph J. Johnston, Jr.,* for defendant.

DALESSANDRO, *J.,* May 17, 1979—

## NATURE OF PROCEEDINGS

This matter is before the court on motions for summary judgment filed by both plaintiff and defendant.

## HISTORY AND FACTS

The parties to this action are Darlene C. Arndt, plaintiff, an adult individual residing in Waverly, New York, and Government Employees Insurance Company (GEICO), defendant, a company licensed to do business in the Commonwealth and conducting business in Luzerne County. Plaintiff filed her complaint in assumpsit on June 28, 1977. Defendant filed its answer and new matter endorsed with a notice to plead on September 21, 1977. Plaintiff's reply to new matter followed on October 14, 1977. A stipulation of facts was filed on August 10, 1978, and both parties thereafter moved for summary judgment in their favor.

The facts are not in dispute. On July 29, 1975, Kean Merle Arndt, plaintiff's deceased husband, was operating a 1973 Suzuki motorcycle on Legislative Route 08009 in Bradford County when he was struck by an automobile driven by Ellen Cullen Davis which was travelling in the opposite direction. Arndt was killed instantly. Funeral and burial expenses totalled $1,953.90.

GEICO had issued Arndt a family automobile insurance policy which was in full force and effect on the date of his death. All premiums due and owing under the policy had been paid. Shortly before the accident Arndt received various materials from GEICO describing coverage required by the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, art. VII, sec. 701, 40 P.S. §1009.701, which was to become effective on July 19, 1975. Arndt executed and returned to GEICO a no-fault option questionnaire.

Mrs. Arndt gave written notice of the accident to GEICO on June 15, 1976, and sought payment for funeral and burial expenses. The company rejected her claim, and this action was then instituted.

## DISCUSSION AND LAW

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law: Pa.R.C.P. 1035(b). As noted previously, the facts in this matter are not in dispute, having been stipulated by the parties. For the reasons which follow, plaintiff is entitled to judgment as a matter of law. Her motion for summary judgment will, therefore, be granted, and defendant's motion will be denied.

Insurance policy revisions were necessary after the passage of no-fault legislation by the General Assembly in 1974. GEICO offered its policyholders several no-fault options through a questionnaire which was to be completed and returned to the company. Kean Merle Arndt selected one of the options, and on July 19, 1975, the basic Personal Injury Protection Amendment (PIP Amendment) became a part of his insurance policy.

The PIP Amendment was designed to conform policy provisions to the requirements of the legislation. It is important to note here that the act does not abolish tort liability with respect to injuries arising out of a motorcycle accident: 40 P.S. §1009.301(a)(6); nor do basic loss benefits as defined by the act include benefits for net loss sustained by an operator or passenger of a motorcycle: 40 P.S. §1009.103. Reflecting these legislative policy decisions, the PIP Amendment states in section I that coverage does not *apply* to bodily injury to any person sustained while occupying a motorcycle. On the basis of that policy language, GEICO denied Mrs. Arndt's claim and contends here that the clear and unambiguous terms of the contract, as modified by the PIP Amendment, prevent recovery.

While it is true, as defendant maintains, that the PIP Amendment does not afford *no-fault* coverage to persons injured while occupying a motorcycle, it does not automatically follow that plaintiff's claim for funeral and burial expenses was properly rejected. The introductory sentence to the PIP Amendment states that its provisions are subject to all the terms of the policy except as modified by the amendment. Therefore, coverage for medical and

related expenses, other than no-fault coverage, based on a provision of the original policy would still be effective unless expressly superseded by the terms of the amendment.

Part II of the policy issued to Arndt on May 22, 1975, deals with expenses for medical services and provides, in pertinent part:

"Coverage C—Medical Payments: To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, x-ray and dental services, including prosthetic devises, and necessary ambulance, hospital, professional nursing and funeral services:

"Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury', caused by an accident . . . (c) through being struck by an automobile or by a trailer of any type."

Part II also provides that the definitions under Part I apply to Part II as well. "Named insured" is defined in Part I to include the spouse of the individual named in the declarations if residing in the same household. Plaintiff claims entitlement to recovery under these provisions of the original policy; she is not seeking no-fault benefits under the PIP Amendment.

In the court's view, the terms of Part II, Coverage C, Division 1 of the original policy obligate GEICO to pay plaintiff's claim. None of the provisions of the PIP Amendment specifically and unequivocally extinguishes medical coverage under the original policy for claims not subject to the no-fault

legislation. As the court observed in Drake v. Donegal Mutual Ins. Co., 422 F. Supp. 272 (W. D. Pa. 1976), an insurance company is free, out of motives of altruism, generosity or naked commercial advantage, to provide broader coverage than no-fault legislation requires, and if it does so, the language of the policy controls in determining the extent of such coverage.

Furthermore, it is by now hornbook law that insurance contracts will be strictly construed against the writer. See, e.g., Miller v. Boston Ins. Co., 420 Pa. 566, 218 A. 2d 275 (1966). Any ambiguity must be resolved in favor of the insured since it was the insurer who wrote the contract: Sykes v. Nationwide Mut. Ins. Co., 413 Pa. 640, 198 A. 2d 844 (1964). To permit plaintiff to recover here is not inconsistent with the terms of the PIP Amendment. Had GEICO intended to abrogate all medical coverage other than that provided through the no-fault system, it could have easily done so by including specific language to that effect in the amendment. In the absence of an express provision, the court cannot construe an exclusion in the PIP Amendment for motorcycles as being applicable to the entire insurance policy. In view of our disposition of this matter, it is not necessary to address plaintiff's argument concerning unconstitutional impairment of contractual obligations.

## ORDER

Plaintiff's motion for summary judgment is granted, and defendant's motion for summary judgment is denied.