557 A.2d 18

**Kathleen Gilotty CROFT, Appellant,**

**v.**

**P & W FOREIGN CAR SERVICE, INC.,
Appellee. (Two Cases)**

Superior Court of Pennsylvania.

Argued Nov. 29, 1988.

Filed April 6, 1989.

436

Gary M. Davis, Pittsburgh, for appellant.

Bradley S. Gelder, Pittsburgh, for appellee.

Before ROWLEY, DEL SOLE and MONTGOMERY, JJ.

DEL SOLE, Judge:

This is an appeal of a judgment[1] entered against Appellee, P & W Foreign Car Service, Inc., [P & W], ordering P &

---

1. There were actually two appeals filed in this case. The first appeal is from a judgment following a court order granting counsel fees and costs and the second from a judgment denying Appellant's motion for post-trial relief. Post-trial motions are not required if Appellant is not claiming any error at trial, and the only issue on appeal concerns the grant or denial of a petition for counsel fees. Therefore, the second appeal is unnecessary and is quashed. We will address the issues raised in the first appeal.

W to pay counsel fees in the amount of one thousand dollars, and costs in the amount of one thousand, four hundred and forty-five dollars to Appellant.

Appellant claims that the trial court abused its discretion by failing to award counsel fees based on the time actually expended in pursuing Appellant's claims for damages arising from her purchase of a car from P & W with a broken odometer. Appellant filed the instant suit againt P & W and a separate action against J.J. and Lawrence Gumberg, previous owners of the car. P & W then joined the Gumbergs as co-defendants, but prior to trial agreed to their dismissal. Subsequently, the two cases were consolidated for trial.

Appellant claimed at trial that P & W breached its express warranty, and its implied warranty of merchantability pursuant to the Magnuson–Moss Warranty Act [Act]. She also claimed P & W violated the Pennsylvania Unfair Trade Practices Act, and committed fraud. Nonsuits were granted in favor of P & W on all of the theories of recovery except implied warranty of merchantability under the Act. A non-suit was also granted dismissing all claims against the Gumbergs. No appeal was taken from the grant of the non-suit in the separate action against the Gumbergs.

The jury found in favor of Appellant at trial, and awarded three thousand dollars ($3,000) in damages. Plaintiff subsequently filed a Petition for Counsel Fees requesting compensation in the amount of $7,539.00 and costs in the amount of $1,445.74 pursuant to statutory authorization for counsel fees outlined in the Magnuson–Moss Act. The Court awarded Appellant's counsel one thousand dollars ($1,000) and full costs.[2] This appeal followed.

The Magnuson–Moss Warranty Act, 15 U.S.C. § 2310(d)(2) states:

If a consumer finally prevails in any action, [brought under this Act], he may be allowed by the court to

2. Although the trial court opinion states that a hearing was held on the Petition for Counsel Fees, (T.C. *Opinion* at 2), there is nothing in the record indicating when or if this hearing was ever held.

recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate.

Appellant clearly prevailed in this action under the Magnuson–Moss Act, so her counsel submitted a petition stating that he spent eighty-nine (89) hours of time in preparation for trial, and he attached time records and itemized costs. The trial court, in awarding counsel fees of $1,000 stated,

"It appears to this Court inappropriate, in light of all of the circumstances of the case, to award counsel fees in an amount approximately 2½ times the amount of the jury verdict and in excess of the amount claimed as damages by Plaintiff in her Complaint."

■ We hold that the jury award should not serve as a cap or a ceiling on the amount of counsel fees awarded to the prevailing party's attorney. Rather, the amount received is but one factor to be considered in determining an award of counsel fees. In the Senate Report concerning this section of the Magnuson–Moss Act it was stated, "It should be noted that an attorney's fee is to be based upon actual time expended rather than being tied to any percentage of the recovery. This requirement is designed to make the pursuit of consumer rights involving inexpensive consumer products economically feasible." (Sen.Rep. No. 93–151, 1st Sess. (1973) pp. 23–24). Thus, we will not tie counsel fees to Appellant's recovery by placing such a cap on the fee award. *See, Drouin v. Fleetwood Enterprises,* 163 Cal.App.3d 486, 209 Cal.Rptr. 623 (1985).

However, the award of counsel fees is within the trial court's discretion. Furthermore, the Magnuson–Moss Act mandates this discretion in its reference to "reasonable" and "appropriate" fees. The trial court refers to the factors enumerated in *Estate of LaRocca,* 431 Pa. 542, 246

A.2d 337 (1968), where the Pennsylvania Supreme Court discusses reasonable attorneys fees for counsel for an estate. Although, these factors were considered by the trial court, we find that the factors enumerated in 41 P.S. § 503 (concerning the award of attorneys' fees to counsel for residential real estate owners who have prevailed in causing a judgment by confession to be stricken), are more appropriate in the instant case. Unlike the fees paid out of the estate funds to estate counsel, *Id.*, 431 Pa. at 544, 246 A.2d 337, the entitlement to attorneys' fees under § 503 and in actions under the Magnuson–Moss Act, is designed to make the pursuit of certain public rights economically feasible, and the amount of the award is not dependent on a fixed fund, such as a decedent's estate. Because of these differences we find the factors considered in § 503 in awarding reasonable attorneys' fees more appropriate than those considered in *LaRocca*. *Gardner v. Clark*, 349 Pa.Super. 297, 503 A.2d 8 (1986); *Drum v. Leta*, 354 Pa.Super. 448, 512 A.2d 36 (1986).

■ Under 41 P.S. § 503, in determining the amount of the fee, the court may consider: (1) The time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the case; (2) The customary charges of the members of the bar for similar services; (3) The amount involved in the controversy and the benefits resulting to the client or clients from the services, and (4) The contingency or certainty of the compensation.

■ We agree with the trial court that it would be unfair to compensate Appellant's attorney for time spent on a claim against one defendant as to whom Appellant suffered a non-suit. Furthermore, an effort should be made to apportion the time spent by counsel on the distinct causes of action, although this may prove difficult given that these claims are based on a common core of facts and related legal theories.

However, given that the trial court has appeared to use the jury award as a cap on the attorneys' fees, and also that

it has failed to explain how it arrived at the figure of one-thousand dollars ($1,000.00) as a reasonable fee, we reverse and remand for a hearing in accordance with this opinion on the issue of the award of reasonable attorneys' fees for Appellant's counsel.

MONTGOMERY, J., files a dissenting statement.

MONTGOMERY, Judge, dissenting:

I respectfully dissent. I am of the opinion that the trial court did not abuse its discretion in awarding counsel fees in the amount that it did. Accordingly, I would affirm the judgment.