J-A11036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BARBARA DEBOLT-FRIED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| GARY BARBERA'S AUTOLAND | |
| Appellee | No. 2331 EDA 2014 |

Appeal from the Judgment Entered on June 30, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No.: 2364 November Term, 2012

BEFORE:  FORD ELLIOTT, P.J.E., OLSON, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                    **FILED JULY 30, 2015**

Barbara Debolt-Fried appeals from the judgment entered on June 30, 2014, following a jury verdict in her favor in this action under the New Motor Vehicle Damage Disclosure Act ("the Act"), 73 P.S. § 1970.3.  We affirm.

The trial court set forth the underlying facts of this case as follows:

[Debolt-Fried] instituted suit against [Gary Barbera's Autoland ("Barbera's")] alleging *inter alia* violation of the [Act] arising from the purchase of a new Chrysler 200 in January of 2012 for approximately $21,831.00.  [Debolt-Fried] maintained that the vehicle contained bubbling and scratches to the paint as well as defects to the side panels and molding between the doors. [Debolt-Fried] returned the car to [Barbera's] for repairs about 6-8 times between the purchase date, beginning in February 2012, until September 2012.  Although [Barbera's] attempted to remedy the problem, and did so as best as possible as reflected in the trial testimony, it was clear that [Barbera's] failed to notify [Debolt-Fried] in writing of these defects at the time of sale.

The Act required [Barbera's], as a dealer, to so notify [Debolt-Fried] in writing at the time of sale of damages to the vehicle which exceeded the greater of $500.00 or 3% of the purchase

price. It was stipulated at trial that the threshold amount in this case was $660.00. The matter was tried before [the trial c]ourt and the jury as to whether [Barbera's] violated provisions of the Act. On April 3, 2014[,] the jury returned a verdict in favor of [Debolt-Fried]. The [c]ourt by Order of April 4, 2014, with the agreement of counsel, set in motion a procedure for determining damages both under the Act as well as under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-9.2, (hereinafter referred to as "[UTPCPL]"). The [Act] also provides for remedies available under the Pennsylvania Trade Practices Act. On June 2, 2014, the [c]ourt held a hearing assessing damages in favor of [Debolt-Fried] as stated in the amount of $5,000.00 and $8,000.00 in attorney's fees totaling $13,000.

Trial Court Opinion ("T.C.O."), at 1-2. Debolt-Fried filed a notice of appeal on June 3, 2014, which was subsequently quashed as premature. On June 9, 2014, Debolt-Fried filed post-trial motions, demanding treble damages, rescission of the original contract of sale, and higher attorney's fees. The motions were denied on June 26, 2014, and final judgment was entered on June 30, 2014. Debolt-Fried timely filed a notice of appeal on July 23, 2014. The trial court did not order Debolt-Fried to file a statement pursuant to Pa.R.A.P. 1925(b). The court entered an opinion pursuant to Pa.R.A.P. 1925(a) on August 21, 2014.

Debolt-Fried raises three questions for our review:

1. When Supreme Court precedent requires only intentional, reckless, or wrongful conduct for treble damages, did not the [trial] court err by denying treble damages because in the court's view defendant's conduct was not malicious or wanton?

2. Did not the [trial] court err by not granting rescission?

3. Should not [Debolt-Fried] be awarded her costs and requested attorneys' fees?

Debolt-Fried's Brief at 2 (capitalization modified).

In her first issue, Debolt-Fried contends that the trial court "used the wrong standard to deny [her] treble damages." *Id.* at 21. Specifically, she contends that the court erred when it determined that she was not entitled to treble damages because Barbera's conduct was not "malicious or wanton." *Id.* Debolt-Fried asks, in lieu of remand, that we simply order that treble damages be awarded. *Id.* at 25. We disagree.

"A violation of [the New Motor Vehicle Damage Disclosure Act] shall constitute a violation under the act of December 17, 1968 (P.L. 1224, No. 387), known as the Unfair Trade Practices and Consumer Protection Law, and shall be subject to the enforcement provisions and private rights of action contained in that act." 73 P.S. § 1970.8. Under the UTPCPL, "[t]he court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees." 73 P.S. § 201-9.2(a).

A trial court is given broad discretion to determine whether to award treble damages upon determination that the Act has been violated. *See Johnson v. Hyundai Motor Am.*, 698 A.2d 631, 639-40 (Pa. Super. 1997). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires . . . manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of

support so as to be clearly erroneous." ***Nelson v. Airco Welders Supply***, 107 A.3d 146, 171 (Pa. Super. 2014).

Here, the jury returned a verdict finding that Barbera's had violated the Act by failing to notify Debolt-Fried in writing at the time of sale of damages to her vehicle which exceeded $500.00. ***See*** T.C.O. at 2 ("Although [Barbera's] attempted to remedy the problem, and did so as best as possible as reflected in the trial testimony, it was clear that [Barbera's] failed to notify [Debolt-Fried] in writing of these defects at the time of sale."). However, upon review of Barbera's subsequent conduct for purposes of assessing Debolt-Fried's damages, the trial court determined:

> [T]here was clearly nothing malicious or wanton in the conduct of [Barbera's]. [Debolt-Fried] had taken the car back to [Barbera's] approximately 6-8 times; [Barbera's] made every reasonable effort to make the repairs free of costs with an approximate value for parts and labor of $2,700.00. Two videotapes of the car which [were filmed] in June of 2012 and January of 2014 were presented to the jury indicating that the vehicle was in excellent condition.

T.C.O. at 2-3.

Debolt-Fried contends that the trial court misapplied the law by using the wrong standard of "malicious or wanton" behavior, arguing instead that, under ***Schwartz v. Rockey***, 932 A.2d 885 (Pa. 2007), any "intentional or reckless, wrongful conduct" merits an award of treble damages under the UTPCPL. Debolt-Fried's Brief at 22. Therefore, she argues, the jury's verdict in her favor proves that Barbera's engaged in wrongful conduct, and she must be awarded treble damages as a matter of law.

However, in **Schwartz**, our Supreme Court discussed the role of the court in assessing treble damages pursuant to the UTPCPL as follows:

[T]he statute, on its plain terms, does not provide any standard pursuant to which a trial court may award treble damages. In construing its terms, we find particularly relevant the principles of statutory construction authorizing consideration of the occasion and necessity for the statute, the mischief to be remedied, the object to be attained, and the consequences of a particular interpretation. **See** 1 Pa.C.S. §1921(c).

On the one hand, as the Superior Court has recognized, the trebling of damages obviously has a strong punitive dynamic. **See, e.g.**, **Johnson**, 698 A.2d at 638. Additionally, this Court has otherwise borrowed from the common law in fleshing out prevailing liability standards under the UTPCPL. **See Yocca v. Pittsburgh Steelers Sports, Inc.**, 854 A.2d 425, 438-39 (Pa. 2004) (explaining that justifiable reliance on the part of a plaintiff is required to support a cause of action for fraud under the UTPCPL based upon common law requirements, albeit that such requirement is not directly included on the face of the UTPCPL). Further, Pennsylvania courts have recognized, as a general proposition, that the law "abhors forfeitures and penalties and enforces them with the greatest reluctance when a proper case is presented." **Acme Markets, Inc. v. Federal Armored Exp., Inc.**, 648 A.2d 1218, 1221 (Pa. 1994) (quoting **Fogel Refrigerator Co. v. Oteri**, 137 A.2d 225, 231 (Pa. 1958)). On the other hand, many individual claims asserted under the UTPCPL will be small, as the statute covers a wide range of consumer transactions. Thus, it seems reasonably likely that the Legislature wished to enhance the impact of monetary awards under the statute to deter wrongful trade practices affecting the public at large.

Although the issue is a very close one, we believe that it is best to adhere as closely as possible to the plain language of the statute, in the absence of any claim that it offends constitutional norms. We conclude, therefore, as a matter of statutory construction, that the courts' discretion to treble damages under the UTPCPL should not be closely constrained by the common-law requirements associated with the award of punitive damages. **Cf. Marshall v. Miller**, 276 S.E.2d 397, 402 (N.C. 1981) (explaining that a consumer protection statute requiring

awards of treble damages for violations is, in effect, a hybrid, with both punitive and remedial aspects, and therefore, reasoning that common-law requirements governing the award of punitive damages should not control). Nevertheless, the discretion of courts of original jurisdiction is not limitless, as we believe that awards of treble damages may be reviewed by the appellate courts for rationality, akin to appellate review of the discretionary aspect of equitable awards, as previously discussed. Centrally, courts of original jurisdiction should focus on the presence of intentional or reckless, wrongful conduct, as to which an award of treble damages would be consistent with, and in furtherance of, the remedial purposes of the UTPCPL.

*Schwartz*, 932 A.2d at 897-898 (citations modified, footnotes omitted).

Thus, Debolt-Fried is incorrect that a jury verdict in her favor *per se* entitles her to treble damages. Rather, *Schwartz* reaffirms that "the discretion of courts of original jurisdiction is not limitless, as we believe that awards of treble damages may be reviewed by the appellate courts for rationality." *Id.* Here, because of Barbera's repeated efforts to repair the defects free of charge, and because the vehicle itself was in excellent condition, Barbera's failure to disclose the defects in the car's paint job in writing at the time of sale did not warrant treble damages. Accordingly, the trial court did not abuse its discretion when it properly focused upon "intentional or reckless, wrongful conduct" and declined to award treble damages. This issue does not merit relief.

Second, Debolt-Fried argues that, while the trial court "correctly acknowledged that rescission was a potential remedy," its reasons for denying rescission were "inconsistent with the [Act]" and "inconsistent with the jury verdict." Debolt-Fried's Brief at 25. We disagree.

Rescission is an equitable remedy, to be granted only where the parties to a contract can be placed in their former positions with regard to the subject matter of the contract. ***Sullivan v. Allegheny Ford Truck Sales, Inc.***, 423 A.2d 1292 (Pa. Super. 1980). It is well known that the purpose of equitable rescission is to return the parties as nearly as possible to their original positions when warranted by the circumstances of the transaction. ***Baker v. Cambridge Chase, Inc.***, 725 A.2d 757, 766 (Pa. Super. 1999).

Our standard of review in matters of equity is to determine whether the findings of fact are supported by competent evidence, whether an error of law has been committed, or whether there has been a manifest abuse of discretion. ***Possessky v. Diem***, 655 A.2d 1004, 1008 (Pa. Super. 1995). To do so, we must "examine the entire record" and "where the equities warrant . . . this Court will not hesitate to find an abuse of discretion." ***Aquilino v. Philadelphia Catholic Archdiocese***, 884 A.2d 1269, 1280 (Pa. Super. 2005) (quoting ***Reid v. Boohar***, 856 A.2d 156, 159 (Pa. Super. 2004)).

It is well settled that:

> in order for a party to have a right to rescission, it is [her] duty to act promptly, and, if [she] elects to rescind, to notify the other party within a reasonable time so that the rescission may be accomplished at a time when the parties may still be restored as nearly as possible, to their original positions.

***Schwartz***, 932 A.2d at 889 (quotation marks omitted).

Here, the trial court determined that, because Debolt-Fried enjoyed the use of her car for three years, she had forfeited the right to rescission of the contract as a remedy. Instead, she affirmed the contract by repeatedly bringing the car to Barbera's for repairs, and never requesting to return the car or rescind the contract of sale. Debolt-Fried claims that she did not rescind the contract because Barbera's refused to take the car, but points to nowhere in the record to support this assertion. Furthermore, Debolt-Fried's own expert testified that the car was now worth only $9,000. Notes of Testimony ("N.T."), 4/3/2014, at 24. Therefore, rescission of the contract would not be capable of restoring the parties to their original positions, and the trial court did not abuse its equitable discretion by declining to award this remedy.

Debolt-Fried further argues that, if a buyer is not entitled to rescission under the Act if her damages do not exceed the threshold of $500 or three percent of the manufacturer's suggested retail price, then she must be entitled to rescission of her damages do exceed the threshold. Debolt-Fried's Brief at 26. This conclusion simply does not follow, as it is well-settled that the trial court has discretion in awarding damages, and Debold-Fried cites no authority for her claim. Nowhere does she support this argument that the trial court erred as a matter of law by declining to award rescission the contract. This issue does not merit relief.

Third, Debolt-Fried alleges that "the [trial] court erred in failing to award . . . her costs and in reducing the attorneys' fee from [Debolt-Fried's] fee petition." Debolt-Fried's Brief at 33. We disagree.

Because the Act authorizes remedies available under the UTPCPL, the court may award reasonable attorney's fees. The UTPCPL provides that "[t]he court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees." 73 P.S. § 201-9.2(a). Therefore, attorney's fees in this case are authorized by statute.

> Generally, where the award of attorneys' fees is authorized by statute, an appellate court reviews the propriety of the amount awarded by the trial court under an abuse of discretion standard. We will not find an abuse of discretion in the award of counsel fees merely because [we] might have reached a different conclusion. Rather, we require a showing of manifest unreasonableness, partiality, prejudice, bias, ill-will, or such lack of support in the law or record for the award to be clearly erroneous.

*Sayler v. Skutches*, 40 A.3d 135, 139 (Pa. Super. 2012) (citations and internal quotation marks omitted). "Our review of a trial court's award of attorneys' fees is limited. We may only consider whether the court palpably abused its discretion in making a fee award." *In re Barnes Found.*, 74 A.3d 129, 135 (Pa. Super. 2013). Furthermore, "[w]hile the amount of compensatory damages is one of several considerations when assessing the reasonableness of an attorneys' fee request, Pennsylvania does not employ a strict rule of proportionality." *Ambrose v. Citizens Nat'l Bank of Evans City*, 5 A.3d 413, 418 (Pa. Super. 2010). When discussing the

determination of reasonable attorney fees, our Court has discussed the factors for assessing fees in the Act's federal counterpart, the Magnuson-Moss Act, 15 U.S.C.A. § 2301 *et seq.* as follows:

> (1) The time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the case; (2) The customary charges of the members of the bar for similar services; (3) The amount involved in the controversy and the benefits resulting to the client or clients from the services, and (4) The contingency or certainty of the compensation.

***Croft v. P & W Foreign Car Service, Inc.***, 557 A.2d 18, 20 (Pa. Super. 1989).

In the instant case, Debolt-Fried requested "an award of attorney and paralegal fees of $28,192 and costs of $3,331.98." Debolt-Fried's Brief at 33. The trial court, however, the trial court assessed damages of $5,000.00 and $8,000.00 in attorney's fees, for a total award of $13,000. In doing so, the court reviewed the number of hours for which counsel requested compensation and observed that "[t]he firm representing [Debolt-Fried] in this matter are experts in the field [of Lemon Law cases] and therefore it would require them to spend much less time in filing and preparation of this case than indicated in their Petition." T.C.O. at 3. The trial court also considered the proportionality of the fees and damages, while not determinative of its award, and the court noted that counsel was granted more than 150% percent of the compensatory damages assessed to Debolt-Fried. ***Id.*** Thus, the trial court's determination of counsel fees was reasonable, and we cannot conclude that it abused its discretion in denying

- 10 -

Debolt-Fried's claim for further recovery.  **Sayler**, 40 A.3d at 139.  Debolt-Fried's third claim does not merit relief.

Judgment affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/30/2015