**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-4005
_____

TOSHIBA AMERICA MEDICAL SYSTEMS, INC.

v.

VALLEY OPEN MRI AND DIAGNOSTIC CENTER INC.
f/k/a Valley Open MRI and Diagnostic Center, P.C.;
JUAN D. GAIA, M.D., Individually and d/b/a I &G Realty Company,
Appellants
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-14-cv-01419)
District Judge: Honorable Malachy E. Mannion
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 16, 2016
_____

Before: CHAGARES, GREENAWAY, JR., and RESTREPO, <u>Circuit Judges</u>

(Filed:  December 28, 2016)
_____

OPINION[*]
_____

RESTREPO, <u>Circuit Judge</u>

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Appellant Valley Open MRI and Diagnostic Center ("VOMRI") admittedly breached its lease agreement with Toshiba America Medical Systems when it failed to make lease payments for MRI equipment. At issue here is whether the District Court's grant of summary judgment for Toshiba was improper as to the scope of damages and attorneys' fees awarded. We affirm the District Court's finding that Toshiba had no duty to mitigate damages. We will vacate the portion of the judgment that awards attorneys' fees and remand the case to the District Court for an analysis of the reasonableness of the claimed fees.

## I

We write solely for the parties and therefore recite only the facts necessary to our disposition.[1] On December 16, 2010, Toshiba leased to VOMRI a Vantage Titan Open MRI System and related accessories for a period of sixty months at the monthly rate of $18,109.28. Pursuant to the lease agreement, a "fail[ure] to make any Lease Payment, or any other payment, as it becomes due [which] . . . is not cured within 10 days," constituted a default. App. 42. Upon default, VOMRI would be liable to Toshiba for the entire outstanding balance, plus interest, late charges, "reasonable attorney's fees," and costs. App. 43. VOMRI's obligation to pay damages and fees was "ABSOLUTE AND UNCONDITIONAL AND IS NOT SUBJECT TO ANY ABATEMENT, SET-OFF, DEFENSE, OR COUNTER-CLAIM FOR ANY REASON WHATSOEVER." App. 39 (emphasis in original).

---

[1] As VOMRI failed to file a response to Toshiba's statement of material facts in support of its motion for summary judgment, the facts of this case are deemed undisputed.

2

The parties signed and executed the lease on March 6, 2011.[2] Less than two years later, VOMRI stopped making payments. Toshiba sued for breach of contract on July 23, 2014. On September 18, 2015, Toshiba filed a motion for summary judgment, along with a statement of undisputed facts that incorporated damages and attorneys' fees described in a declaration from its Director of Financial Programs, Trish Malone. In the declaration, Malone set out the remaining balance and interest under the contract; with respect to the attorneys' fees, Malone averred only that, "[a]s of September 11, 2015, Toshiba's attorneys' fees were $87,604.64." App. 247. The declaration did not set out the number of hours the attorneys had expended, the rates charged, or any other billing details to support the demanded fees.

When VOMRI filed its brief in opposition to Toshiba's motion for summary judgment, it did not respond to or contest Toshiba's statement of facts. VOMRI disputed only the amount that it should owe to Toshiba, and requested a hearing to address that issue. Toshiba responded that a hearing on damages was unnecessary because its statement of facts listing damages and attorneys' fees was uncontested. The District Court agreed with Toshiba, denying VOMRI's request for a hearing on the grounds that VOMRI's failure to produce any evidence to dispute the amount made a hearing unnecessary. The District Court ruled that the Malone declaration could be relied upon because of her personal knowledge of Toshiba's records, and awarded all damages and attorneys' fees listed in the declaration. This timely appeal followed.

_____

[2] The parties agreed the contract would be governed by Pennsylvania law.

**II**[3]

VOMRI raises two issues: (1) whether the District Court erred in finding that Toshiba did not have a duty to mitigate its damages; and (2) whether the District Court erred in failing to analyze the reasonableness of Toshiba's claimed attorneys' fees when the lease allowed for an award of "reasonable attorneys' fees." We address each issue in turn.

**A**

Pennsylvania's general rule imposes a duty to mitigate damages on the non-breaching party, *Stonehedge Square Ltd. P'ship v. Movie Merchs., Inc.*, 715 A.2d 1082, 1084 (Pa. 1998) (citing Restatement (Second) of Contracts § 350 (Am. Law. Inst. 1981)). However, a non-breaching party's duty to mitigate is limited when the "it is equally reasonable to expect the [breaching party] to minimize damages" and the breaching party has "equal knowledge of the consequences of nonperformance." *S.J. Groves & Sons Co. v. Warner Co.*, 576 F.2d 524, 530 (3d Cir. 1978). "When a written contract is clear and unequivocal, its meaning must be determined by its contents alone." *E. Crossroads Ctr., Inc. v. Mellon-Stuart Co.*, 205 A.2d 865, 866 (Pa. 1965).

---

[3] The District Court had jurisdiction under 18 U.S.C. § 1332(a). We have jurisdiction under 28 U.S.C. § 1291. We review the determination of a district court's award of attorneys' fees for an abuse of discretion. *Sec. Mut. Life Ins. Co. of N.Y. v. Contemporary Real Estate Assocs.*, 979 F.2d 329, 332 (3d Cir. 1992). We may find an abuse of discretion when the district court does not properly identify the criteria used for the award of fees. *Silberman v. Bogle*, 683 F.2d 62, 64–65 (3d Cir. 1982). A district court's factual findings are reviewed for clear error. *Krasnov v. Dinan*, 465 F.2d 1298, 1302 (3d Cir. 1972).

The District Court correctly concluded that Toshiba did not have a duty to mitigate. VOMRI knew that the contract specified that it would owe Toshiba the full balance remaining under the lease agreement if it defaulted. The contract clearly indicates that any damages and reasonable attorneys' fees incurred were not to be subject to any "ABATEMENT, SET-OFF, DEFENSE, OR COUNTER-CLAIM FOR ANY REASON WHATSOEVER" App. 39 (emphasis in original). Having had "equal knowledge of the consequences of nonperformance," VOMRI may not now contend that Toshiba had a duty to mitigate. *S.J. Groves*, 576 F.2d at 530. We therefore affirm the District Court's decision in this respect.

**B**

When a contract allows for "reasonable" attorneys' fees to be recovered, the reasonableness of the claimed fees is within the sound discretion of the trial court. *In re LaRocca's Tr. Estate*, 246 A.2d 337, 339 (Pa. 1968). Pennsylvania courts have found an abuse of discretion when the trial court fails to provide an "an explanation . . . of the basis for the award." *Sec. Mut. Life Ins. Co. of N.Y.*, 979 F.2d at 332 (citing *Croft v. P & W Foreign Car Serv., Inc.*, 557 A.2d 18, 20 (Pa. Super. Ct. 1989); *In re Estate of Brockerman*, 480 A.2d 1199, 1204 (Pa. Super. Ct. 1984)).

VOMRI argues that the District Court abused its discretion in failing to consider the reasonableness of the fees awarded to Toshiba. We agree. The lease unambiguously states that VOMRI "shall also be liable for and shall pay to Lessor . . . Lessor's reasonable attorneys' fees." App. 43. The District Court relied solely on Malone's declaration as competent evidence of the claimed attorneys' fees, without inquiring into

5

reasonableness of the claimed amount. The District Court noted Malone's position as financial Director of Toshiba and her "personal knowledge . . . of the damages due under the Lease Agreement," but undertook no analysis of the amount and character of the services performed, the difficulty of the problems involved, the amount of money or value of property in question, the hours expended by the attorneys, or the rates charged to Toshiba for the work. App. 19. This was insufficient.

Toshiba argues that VOMRI did not object to the amount of attorneys' fees prior to this appeal, and has therefore waived these arguments. To support the award at the outset, however, Toshiba itself bore the burden of producing evidence as to the reasonableness of the fees. *See Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). As discussed above, offering solely a declaration stating the amount claimed, and no more, does not justify that award. Also, VOMRI did not waive its right to contest the reasonableness of the fee award, because it demanded a hearing below to contest the amount requested. *See Waldorf v. Shuta*, 142 F.3d 601, 612 (3d Cir. 1998) (defense to liability waived because no objection had been raised below).

Accordingly, we will vacate the portion of the judgment that awards attorneys' fees, and remand the case to the District Court for a proper examination of the reasonableness of these fees. On remand, the District Court should look to factors examined by Pennsylvania courts in assessing reasonableness of fees, including the amount and character of the services performed, the difficulty of the problems involved, and the amount of money or the value of property in question. *See McMullen v. Kutz*, 985 A.2d 769, 774 (Pa. 2009).

6

**III**

For the foregoing reasons, we will vacate the portion of the judgment that awards attorneys' fees and remand to the District Court for a determination as to the reasonableness of these fees. We will otherwise affirm the judgment of the District Court.